**Charles SCHMIDLY and William Schwerin, Appellants,**

v.

**PERRY MOTOR FREIGHT, INC., Appellee.**

**Nos. 83-2366, 83-2459.**

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1984.

Decided June 6, 1984.

Thomas B. Staley, Scotty Shively, House, Wallace & Jewell, P.A., Little Rock, Ark., for appellee.

Jerry D. Pruitt, Pruitt & Hodnett, Fort Smith, Ark., for appellants.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

This appeal is brought by Charles Schmidly and William Schwerin, former employees of the defendant Perry Motor Freight Company. The fundamental issue raised by the plaintiffs in the trial court was whether they had been wrongfully terminated from their employment with Perry under their written employment contract. The case was tried before a jury; the jury found in favor of the defendant and on September 15, 1983 the trial court entered a judgment on the verdict.

■ On appeal, plaintiffs raise a singular issue; they claim that the trial court erred in placing the burden of proof on the plaintiffs to demonstrate that they were wrongfully discharged in violation of their employment contract. Plaintiffs assert that this is error because the defendants

under the contract should be required to carry the burden of proof to justify plaintiffs' discharge. We respectfully disagree with this interpretation of Arkansas law.

 In *Rife v. Mote*, 210 Ark. 629, 197 S.W.2d 277 (1946), the Arkansas Supreme Court recognized that the burden of proving a wrongful discharge under an employment contract remains throughout the trial on the plaintiff. Although this court would favor drafting the relevant instruction in a different manner,[1] we nonetheless cannot say that under the existing Arkansas law the district court abused its discretion in instructing in the manner in which it did. Under the circumstances we find no prejudicial error. In view of our holding, the issues raised on the cross-appeal are mooted. The judgment is affirmed.

---

1. In the relevant instruction, the jury was instructed that the plaintiffs had the burden of proving that either they were not guilty of willful or negligent misconduct or that the defendant did not in good faith believe the plaintiffs' conduct was detrimental to the defendant. The phrasing of this instruction puts plaintiffs in the difficult position of proving a negative, that is, that they did not breach the contract. We feel a clearer instruction on the allocation of the burden of proof would have required the plaintiffs to prove a breach by the defendant, not the absence of a breach by themselves. Nonetheless, in wrongful discharge cases, Arkansas law places the burden of proof on the plaintiffs and states that the burden remains on the plaintiffs throughout the proceeding. In view of the specific contract items involved, we find no prejudicial error.